**Joanne CEIMO, Plaintiff—Appellee,**

v.

**GENERAL AMERICAN LIFE INSURANCE COMPANY; et al., Defendants—Appellants.**

**Joanne Ceimo, Plaintiff—Appellant,**

v.

**General American Life Insurance Company; et al., Defendants— Appellees.**

Nos. 03–16882, 03–16930.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 13, 2005.

Decided June 29, 2005.

Ninth Circuit Rule 36–3.

Thomas L. Hudson, Esq., Daniel L. Kaplan, Esq., Osborn Maledon, P.A., Phoenix, AZ, Richard H. Friedman, Esq., Friedman, Rubin & White, Bremerton, WA, Steven C. Dawson, Esq., Anita Rosenthal, Esq., Dawson & Rosenthal, P.C., Sedona, AZ, for Plaintiff—Appellee.

Scott Bales, Esq., Dawn M. Bergin, Esq., Kimberly A. Demarchi, Esq., Lewis & Roca, LLP, Phoenix, AZ, Evan M. Tager, Esq., Richard B. Katskee, Esq., Mayer Brown Rowe & Maw, LLP, Washington, DC, for Defendants—Appellants.

---

* The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

Before: GOODWIN, REAVLEY,* and RAWLINSON, Circuit Judges.

MEMORANDUM **

1. Assuming Defendants preserved the specific objection they raise on appeal, the district court's formulation of the jury instruction defining "total disability" was a correct statement of Arizona law. *See Nystrom v. Mass. Cas. Ins. Co.*, 148 Ariz. 208, 713 P.2d 1266, 1270 (1986); *see also Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1007 (9th Cir.2004).

2. The district court did not abuse its discretion in making its evidentiary rulings. The expert testimony, lay testimony and documentary evidence were all relevant and helpful to the jury. *See Sementilli v. Trinidad Corp.*, 155 F.3d 1130, 1134 (9th Cir.1998); *see also Hangarter*, 373 F.3d at 1018–20.

3. Provident Life and Accident Insurance Company is a proper defendant. A company may be liable to an insured based on its direct involvement in the insured's claim, regardless of its status as a nonparty to the contract. *See Gatecliff v. Great Rep. Life Ins. Co.*, 170 Ariz. 34, 821 P.2d 725, 730 (1991) (In Banc).

4. The district court did not abuse its discretion in denying Defendants' motion for judgment as a matter of law on the bad faith claim. Substantial evidence supports the jury's conclusion that Defendants acted in bad faith in handling Plaintiff's claim. *See Zilisch v. State Farm Mut. Auto. Ins. Co.*, 196 Ariz. 234, 995 P.2d 276, 279 (2000).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The district court properly instructed the jury on bad faith damages, and the jury is presumed to have followed the judge's instruction. *See Caudle v. Bristow Op. Co.,* 224 F.3d 1014, 1023 (9th Cir.2000).

5. In view of the district court's observations about the evidence presented, the jury award of $5,470,000 for bad faith is not so unreasonable that it shocks the conscience of this court. *See Sheppard v. Crow–Barker Paul No. 1 Ltd. P'ship,* 192 Ariz. 539, 968 P.2d 612, 622 (1998).

6. Considering the factors articulated in *State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003), a punitive damages award of seven million dollars is not unconstitutionally excessive. We agree with the district court's analysis and uphold its remittitur.

AFFIRMED.